UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB, ) | |
| ) | Civil Action No. 01-1537 (PLF) |
| Plaintiff, ) | (consolidated with |
| ) | Civil Action No. 01-1548 |
| v. ) | Civil Action No. 01-1558 |
| ) | Civil Action No. 01-1569 |
| STEPHEN L. JOHNSON, Administrator, ) | Civil Action No. 01-1578 |
| United States Environmental ) | Civil Action No. 01-1582 |
| Protection Agency,[1] ) | Civil Action No. 01-1597) |
| ) | |
| Defendant. ) | |

ORDER

This matter is before the Court on the parties' cross-motions for summary judgment on the issue of remedy. The Court heard argument on the motions on November 22, 2005. Upon consideration of the arguments raised by the parties in their briefs and in open court, it is clear that there are no genuine issues of material fact, and that plaintiffs are entitled to judgment as a matter of law. Accordingly, it is hereby

DECLARED that the failure of defendant Steven L. Johnson to take the following actions constitutes "a failure of the Administrator to perform any act or duty under this chapter that is not discretionary with the Administrator" within the meaning of Section 304(a)(2) of the Clean Air Act ("CAA"), 42 U.S.C. § 7604(a)(2):

---

[1] Under Rule 25(d)(1) of the Federal Rules of Civil Procedure, EPA Administrator Stephen L. Johnson has been automatically substituted as a defendant for former Administrator Michael O. Leavitt.

       1.      Promulgate area source air toxics standards, as required by CAA Section 112(c)(3) and 112(k)(3)(B), 42 U.S.C. § 7412(c)(3), (k)(3)(B);

       2.      Assure that sources accounting for ninety percent of the aggregate emissions of certain persistent and bioaccumulative hazardous air pollutants are subject to emission standards with respect to such pollutants, as required by CAA Section 112(c)(6), 42 U.S.C. § 7412(c)(6); and

       3.      Promulgate emission standards for smog-causing consumer and commercial products, as required by CAA Section 183(e), 42 U.S.C. § 7511b(e).  It is therefore

ORDERED that [63] plaintiff's motion for summary judgment is GRANTED in part; it is

FURTHER ORDERED that [67] defendant's cross-motion for summary judgment is DENIED; it is

FURTHER ORDERED that:

       1.      EPA shall promulgate standards under CAA Section 112(d) for those area source categories listed by EPA pursuant to CAA Section 112(c)(3) and (k)(3)(B) as source categories that are necessary to meet the 90 percent statutory threshold identified in Section 112(c)(3) and (k)(3)(B), and for which it has not yet issued standards, as follows:

       a.      EPA shall promulgate standards for 4 of the listed area source categories by December 15, 2006.

       b.      EPA shall promulgate standards for 6 additional area source categories by June 15, 2007.

    c. EPA shall promulgate standards for 10 additional area source categories by December 15, 2007.

    d. EPA shall promulgate standards for 10 additional area source categories by June 15, 2008.

    e. EPA shall promulgate standards for 10 additional area source categories by December 15, 2008.

    f. EPA shall promulgate standards for all remaining listed area source categories by June 15, 2009.

  2. This Order shall not restrict EPA's authority to revise the list of area source categories under CAA Section 112(c)(3) and (k)(3)(B).

  3. No later than December 15, 2007, EPA shall promulgate emission standards assuring that source categories accounting for not less than ninety percent of the aggregate emissions of each of the hazardous air pollutants enumerated in Section 112(c)(6) are subject to emission standards under Section 112(d)(2) or (d)(4).

  4. For the three remaining Groups of categories of consumer or commercial products ("product categories") listed by EPA pursuant to Section 183(e), EPA shall promulgate regulations or control techniques guidelines under CAA Section 183(e), 42 U.S.C. § 7511b(e), to meet the 80 percent statutory threshold identified in that section, as follows:

    a. EPA shall promulgate regulations for Group II by September 30, 2006.

    b. EPA shall promulgate regulations for Group III by September 30, 2007.

        c.      EPA shall promulgate regulations for Group IV by September 30, 2008.

        5.      This Order shall not restrict EPA's authority under Section 183(e) to revise the product category list or product category groups.

        6.      For purposes of this Order, a regulation is "promulgated" on the date on which the Administrator (or other relevant EPA official) signs the relevant final agency action.  It is

FURTHER ORDERED that [70] plaintiff's motion to strike the declaration of Steve Page is DENIED; it is

FURTHER ORDERED that judgment in this case is entered for plaintiff; and it is

FURTHER ORDERED that this Order and Judgment shall constitute a FINAL JUDGMENT in this case.  This is a final appealable order.  See FED. R. APP. P. 4(a).  The Court will retain jurisdiction of this action to supervise compliance with its Order and to receive any applications for costs and attorneys' fees that may be filed.

An Opinion explaining the reasoning underlying this Order will issue shortly.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: March 31, 2006