# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB, ) | Case No. 1:01CV01537 |
| Plaintiff, ) | (consolidated with |
| ) | Case No. 1:01CV01548 |
| v. ) | Case No. 1:01CV01558 |
| ) | Case No. 1:01CV01569 |
| LISA P. JACKSON,[1] Administrator, ) | Case No. 1:01CV01578 |
| U.S. Environmental Protection Agency, ) | Case No. 1:01CV01582 |
| ) | Case No. 1:01CV01597) |
| Defendant. ) | |
| ) | Judge Paul L. Friedman |

## SIERRA CLUB'S REPLY TO RESPONSE BY INTERVENOR TO EPA'S MOTION TO AMEND ORDER OF MARCH 31, 2006

In its response, intervenor Coalition for Clean Air Implementation repeatedly claims EPA has "acknowledged" in its motion and in the Tsirigotis Declaration that its proposed rules for industrial boilers and incinerators and sewage sludge incinerators are "flawed." Response at 3, 7, 15. Intervenor further implies EPA is concerned that substantive flaws in its proposals could – if not corrected in a re-proposal – lead to the vacatur of its final rules. *Id.* at 13-15.

Neither the motion nor the Tsirigotis Declaration "acknowledge[]" that EPA's proposed rules are "flawed." To the contrary, they merely indicate that EPA may be inclined to issue final rules containing changes from its proposed rules, that those changes may not be logical outgrowths from its proposed rules, and that EPA would prefer to make such changes, if it decides to make them, through another round of notice and comment. EPA Memo. at 2, 17-19; Tsirigotis Declaration at ¶ 4, 34-36. *But see* SC Opp. at 14-15.

---

[1] Under Rule 25(d)(1), current Administrator Lisa P. Jackson is automatically substituted for former Administrator Stephen L. Johnson.

Nor does EPA claim that its final rules would be substantively unlawful or arbitrary if they were a logical outgrowth of the proposed rules or, indeed, if they were issued exactly as proposed. Rather, the agency merely speculates that, <u>if</u> it is not given the requested extension to conduct a new round of notice and comment rulemaking, the agency <u>might choose to make changes that are not logical outgrowths</u>. EPA Memo. at 18-19. Contrary to intervenor's suggestion (at 14-15), EPA's only argument about the "defensibility" of its final rules is that <u>those voluntary changes</u> could lead dissatisfied parties to argue that its final rules are procedurally flawed. *Id.*[2]

Leaving aside that EPA has never claimed either that it is compelled to issue a final rule that is not a logical outgrowth of its proposals or that it will do so, Clean Air Act § 307(d)(7)(B) provides that: (1) only objections raised during the comment period can be raised in court; (2) even objections that were impracticable to raise during the comment period cannot be raised in court unless they were raised first in a petition for administrative reconsideration; and (3) if EPA has failed to provide notice and comment on any issue of central relevance to the outcome of the rulemaking, the agency must do so in the reconsideration process. 42 U.S.C. § 7607(d)(7)(B). By definition, "logical outgrowth" claims can never be raised during the public comment period. Thus, even if EPA did issue a final rule containing changes that were not logical outgrowths from its proposal, the final rule would not be "vacated" or "overturned" as intervenor claims (at 15). Rather, objections to such changes would have to be raised in a reconsideration petition

---

[2] For example, the Tsirigotis Declaration indicates (at ¶ 35(a)) that EPA may alter the subcategories it proposed. *See* Response at 14. It does not claim that the proposed subcategories are unlawful or arbitrary or that they must be changed, but merely that if EPA elects to change its subcategories without a re-proposal, "various interested parties will allege in proceedings for judicial review that we did not provide meaningful notice and opportunity for public comment." Tsirigotis Declaration at ¶ 36.

before they could be raised in court.  42 U.S.C. § 7607(d)(7)(B).  *See National Ass'n of Clean Air Agencies v. EPA*, 489 F.3d 1221, 1232 (D.C. Cir. 2007) (*quoting Appalachian Power Co. v. EPA*, 249 F.3d 1032, 1055 (D.C. Cir. 2001)).  The administrative reconsideration process would give EPA ample opportunity to cure any logical outgrowth issues (assuming *arguendo* that the agency chooses to issue a final rule containing changes that are not logical outgrowths from the proposal).  Indeed, EPA itself expressly admits that "section 307(d)(5)(B), which establishes a process for judicial reconsideration after promulgation, could provide a path for remedying some of the issues that are causing EPA to conclude that re-proposal is advisable."  EPA Memo. at 20.  Neither intervenor nor EPA claims that there are any logical outgrowth issues that could not be remedied in this fashion.[3]

Finally, intervenor uses its response and declarations to advance its own arguments that the proposed rules are substantively flawed and must be reproposed.  Because EPA makes no such claims, intervenor's views on this subject are irrelevant.[4]  Intervenor and its members have commented on EPA's proposed rules and, if dissatisfied with the substance of EPA's final rules, they are free to seek judicial review of those rules in the D.C. Circuit.  42 U.S.C. § 7607(b).

---

[3] EPA is mistaken regarding the Act's reconsideration provision, which is § 307(d)(7)(B) not § 307(d)(5)(B), and provides for administrative reconsideration not "judicial reconsideration."  42 U.S.C. § 7607(d)(7)(B).  Regarding EPA's claim that re-proposal would be preferable to reconsideration, *see* SC Opp. at 16.

[4] Also irrelevant are the claims by some of intervenor's declarants that EPA needs additional time to respond to comments or complete other rulemaking tasks.  *See* Dempsey Declaration at ¶ 11; Sweeney Declaration at ¶ 11.  Intervenor has not established that its declarants have personal knowledge regarding the amount of time EPA needs to complete any rulemaking task.

4

**CONCLUSION**

  For the reasons given above, intervenor's response lends no support to EPA's motion to extend the January 16, 2011 deadline in this Court's March 31, 2006 Order.


DATED:  January 3, 2011

                   Respectfully submitted,

                   /s/ James S. Pew_____
                   James S. Pew
                   (D.C. Bar # 448830)
                   Earthjustice
                   1625 Massachusetts Avenue, NW
                   Suite 702
                   Washington, D.C. 20036-2212
                   (202) 667-4500

                   Attorney for Plaintiff, Sierra Club